UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLARD PURVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:15-cv-00294-WTL-MJD |
| ) | |
| OFFICER MADDOX, ) | |
| OFFICER WILLIS, ) | |
| OFFICER HENDERSHOT, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Defendants' Unopposed Motion for Summary Judgment
and Directing Entry of Final Judgment**

**I.  Background**

Plaintiff Willard Purvis ("Mr. Purvis") is a state prisoner confined at the Wabash Valley Correctional Facility ("Wabash Valley"). In his amended complaint, Mr. Purvis alleges that defendants Officer Hendershot, Officer Willis, and Officer Maddox a) violated his Eighth Amendment rights by failing to protect him and placing him in danger, and b) violated his First Amendment rights by retaliating against him.

The defendants have filed a motion for summary judgment seeking resolution of the claims against them on the basis that Mr. Purvis failed to exhaust his available administrative remedies. Mr. Purvis has not opposed the motion for summary judgment.

For the reasons explained in this Entry, the defendants' unopposed motion for summary judgment [dkt. 26] must be **granted.**

## II.  Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the

time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

Because exhaustion of administrative remedies is an affirmative defense, "the burden of proof is on the prison officials," *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006), to demonstrate that Mr. Purvis failed to exhaust all available administrative remedies before he filed this suit. The defendants' motion for summary judgment, brief in support, and Rule 56 notice were served on Mr. Purvis on June 17, 2016. As noted, no response has been filed, and the deadline for doing so has passed. The consequence of Mr. Purvis' failure to respond is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### III. Discussion

#### A. Undisputed Facts

Applying the standards set forth above, the defendants have shown the following:

Indiana Department of Correction ("IDOC") policy establishes a three-step grievance process which existed at the time of the events described in Mr. Purvis' amended complaint. The requirements of the grievance process are clear: the offender has an informal and two formal steps that he must take in order to exhaust his administrative remedies. This grievance program

was in place at Wabash Valley during the time Mr. Purvis alleges that his constitutional rights were violated. The first step requires a prisoner to informally or verbally address the issues with a staff member designated by the facility. If the issue is not resolved to the prisoner's liking, he must then file a formal grievance form. If the IDOC facility's response is not satisfactory after this step, the prisoner may appeal the grievance. Only after completing all three steps, can a prisoner in Indiana file a lawsuit against IDOC staff.

Prisoners are required to complete each step in the grievance process within a designated timeframe. The prisoner is required to attempt to contact a staff member to informally resolve a complaint no later than 5 working days after an incident, unless the offender can provide a reasonable explanation for a delay. The staff person has 10 working days from the date the offender raises the concern to resolve it. If the issue is not resolved within 10 days, the offender may begin the formal grievance process by submitting a grievance form. The timeframe to submit a grievance form begins at the soonest of: 1) the day the offender is informed there will be no formal resolution; 2) the day the offender refuses the offered informal resolution; or 3 ) the 10th working day after the offender sought informal resolution and ending 5 working days later. The prisoner must submit a completed grievance form within this timeframe and no later than 20 working days from the date the incident occurred.

Mr. Purvis alleges that between October 2, 2012, until the time he was transferred to the Control Custody Unit at Wabash Valley on June 2, 2014, he was "constantly harassed" by the defendants. In his Statement of Facts, Mr. Purvis mentions a few specific events. Mr. Purvis discusses an alleged assault that occurred on July 20, 2013, and July 23, 2013. He also mentions allegedly being sprayed with a chemical agent on August 17, 2013.

Mr. Purvis did not file any formal grievances in 2012 or 2014, and those filed in 2015 do not relate to the events described in his amended complaint. In July and August, of 2015, Mr. Purvis filed a number of grievances. Those grievances are designated as 88341, 88411, 88414, 88415, 88416, 88419, 88420, 88441, and 88442. The grievances address the following incidents:

>   No. 88341-An issue with a jumpsuit on 6/24/15;
>   No. 88411-An alleged strip search with an incident date of 6/20/15;
>   No. 88414-Alleged destruction of property, including food items, on 6/16/15;
>   No. 88415-Missing toothpaste following a cell search on 6/20 or 6/21/15;
>   No. 88416-An injury from an alleged use of force following a shower on 6/16/15;
>   No. 88419-Alleged ongoing name calling by various officers in his unit on 6/16/15 (which he alleges began in 2011);
>   No. 88420-Removal of an anti-itch prescription from his cell on 6/20/15;
>   No. 88441- An alleged assault by Sergeant Fischer;
>   No. 88442-Alleged comments to other inmates by Officers Carpenter, Zimmerman, and another unknown individual on 7/9/15 that Mr. Purvis liked to write letters to Internal Affairs.

None of these grievances relate to the events described in Mr. Purvis' amended complaint. In several of the grievances, Mr. Purvis mentions that the actions or inactions of staff were part of an ongoing conspiracy against him for filing grievances and lawsuits. Yet, the incident dates reported are not within the time frame specified in his amended complaint.

The mere mention of an alleged ongoing conspiracy at the end of a grievance document in 2015 does not supplant initiating a grievance process for the events themselves. Even if merely alluding to the events described in his amended complaint could somehow be construed as grieving them, the 2015 grievances would have been untimely under IDOC policy.

Mr. Purvis filed only one grievance in 2013. That grievance, filed in July of 2013, was designated as 77570 in the Grievance History Report. It relates to the alleged confiscation of a television following a cell search by Officers Hendershot and Willis, both of whom are defendants in this action. Even though this may relate to one portion of the events described in the amended complaint, Mr. Purvis did not pursue an appeal of this decision. Because he failed

to follow all steps of the administrative procedure, Mr. Purvis did not exhaust all available administrative remedies.

### B. Analysis

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). As noted, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* (internal quotation omitted). The undisputed record shows that Mr. Purvis failed to timely initiate and complete the exhaustion process with respect to any of the claims brought in this action. Therefore, in light of 42 U.S.C. § 1997e(a), this action should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

For the reasons explained above, the unopposed motion for summary judgment filed by the defendants [dkt. 26] is **granted.** Final judgment consistent with this Entry and with the screening Entry of February 26, 2016, shall now issue.

**IT IS SO ORDERED.**

Date: 8/23/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLARD PURVIS
DOC # 985367
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronically registered counsel